# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MICHAEL EARNEST PAGE, JR**                          **PLAINTIFF**

**VERSUS**                                    **Civil Action No.** 2:24-cv-184-HSO-BWR

**JONES COUNTY, MS,**
**SHERIFF JOE BERLIN,**
**MATHEW GAY,**
**DANNY BUTLER and**
**JOHN DOES 1-5**                                                **DEFENDANTS**

## COMPLAINT

### [JURY TRIAL DEMANDED]

COMES NOW the Plaintiff, MICHAEL EARNEST PAGE, JR, by and through undersigned counsel, and files this Complaint, and shows as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to seek redress for violating Michael Page's constitutional rights. While detained at the Jones County Adult Detention Center on July 4, 2023, Defendants deliberately placed Michael Page in a room with violent inmates who assaulted him, fracturing his orbital socket. Defendants enabled and encouraged the assault, failed to intervene to stop it, and denied necessary medical treatment.

### JURISDICTION AND VENUE

2. This action arises under the United States Constitution and federal law, specifically under the provisions of the Fourth and Fourteenth Amendments, 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in Jones County, Mississippi, within this District.

## THE PARTIES

4. Plaintiff, MICHAEL EARNEST PAGE, JR ("Page"), is a natural person and a citizen of the United States and the State of Mississippi and was detained at the Jones County Adult Detention Center during the events giving rise to this action.

5. Defendant, JONES COUNTY, MISSISSIPPI ("JONES COUNTY"), is a political subdivision of the State of Mississippi and is a legal entity capable of suing and being sued. Defendant is responsible for operating the Jones County Adult Detention Center ("Jail") and for the policies, practices, and training of its employees.

6. Defendant, SHERIFF JOE BERLIN, in his individual and official capacity as Sheriff of Jones County, is an adult citizen of the State of Mississippi and domiciled in the Southern District of Mississippi. At all times described herein, Sheriff Berlin was the Sheriff of Jones County and, as such, was responsible for the hiring, training, supervision, discipline, and control of the deputies and jailers under his command, as well as any medical personnel servicing correctional facilities. He was responsible for all actions of the Jones County Sheriff's Department staff, and employees and for the supervision, administration, policies, practices, customs, and operations of the Jail. He was and is a final policymaker and is liable both directly and vicariously for the actions complained of herein.

7. Defendant, Mathew Gay, is an adult resident citizen of the State of Mississippi who may be served whereever he may be found. At all times relevant to this Complaint, Defendant Gay was a deputy for the Jones County Sheriff's office, acting under the color of law.

8. Defendant Danny Butler, is an adult resident citizen of the State of Mississippi who may be served whereever he may be found. At all times relevant to this Complaint, Defendant Butler was a deputy for the Jones County Sheriff's office and acting under the color of law.

9. Defendants, John Does 1-5 are employees of the Jones County Adult Detention Center, whose names are currently unknown. They are sued in their individual capacities.

## RELEVANT FACTS

10. On or about June 30, 2023, Plaintiff Page was detained at the Jail in a holding cell in Hall 1 while awaiting release on bond.

11. On July 4, 2023, Defendants Gay and Butler, who were employed as deputies or jailers at the Jail, intentionally placed Plaintiff in cell 135 with inmates who had a known history of violence despite being told that doing this would expose Plaintiff to a substantial risk of harm because of previous issues with inmates housed in cell 135.

12. Shortly after being placed in cell 135, Plaintiff was attacked by five inmates, resulting in a fractured orbital socket and other injuries.

13. Cell 135 was occupied by least 12 inmates even though it was an 8 man cell.

14. For four to five minutes, Defendants Gay and Butler observed the assault on the video feed coming from cell 135 without intervening or taking any action to protect Page.

15. Rather than intervening, Defendants Gay and Butler laughed during the assault, further demonstrating deliberate indifference to Plaintiff's safety.

16. After the assault, while Page was lying on the ground moaning, Defendants Gay and Butler waited for another four to five minutes before removing Page from cell 135.

17. Plaintiff requested to be taken to the hospital. However, this request was denied.

18. Page was ultimately seen by a nurse contracted by Defendant Berlin to care for inmates. The nurse who took Page's vitals looked at his eye with a light and left without providing any medical care.

19. Before the nurse saw Page, Defendants Gay and Butler told the nurse that Page had fallen in the shower and nothing was wrong with him.

20. The Defendants failed to transport Page to a hospital for necessary medical treatment despite the severity of his injuries.

21. As a result of Defendants' actions and omissions, Plaintiff suffered significant injuries, physical pain, and emotional distress.

22. After being released on bond later in the day on July 4, 2023, Page was taken by family to the emergency room at South Central Regional Medical Center, where he was diagnosed with "Assault; Orbital floor fracture."

23. On information and belief, the failure to intervene and properly document incidents by the Jones County Sheriff's Department is part of a longstanding pattern and practice of failing to properly train and discipline deputies.

24. On information and belief, there is a longstanding pattern and practice of deputies using excessive force and utilizing inmates to retaliate against other inmates as a form of unauthorized discipline.

25. On information and belief, there is a longstanding pattern and practice of deputies, guards, and medical staff ignoring and disregarding the serious medical needs of inmates and failing to provide adequate health care.

26. Defendants, JONES COUNTY and SHERIFF BERLIN, created a dangerous condition for Plaintiff by failing to address the overcrowding situation at the Jail.

27. Defendants JONES COUNTY and SHERIFF BERLIN were aware or should have been aware of all of these problems but failed to address them with adequate reforms.

28. At the time of the detention of Plaintiff, Defendants, JONES COUNTY, and SHERIFF BERLIN knew or should have known of serious deficiencies in the policies, practices, and procedures at the Jail and within the Sheriff's Department generally. Despite their knowledge of these serious deficiencies, these Defendants failed to make necessary changes to policies, procedures, training, supervision, or staffing.

29. The preceding actions and inactions of all Defendants demonstrate deliberate indifference, which directly caused and led to Page's injuries.

## COUNT 1
## FAILURE TO PROTECT
## (42 U.S.C. § 1983 – Fourteenth Amendment)

30. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

31. Plaintiff was a pretrial detainee while he was waiting to be released on bond.

32. Defendants had a constitutional duty to protect Plaintiff from violence by fellow inmates.

33. Defendants knew and were aware that cell 135 had inmates who were dangerous and violent. Despite knowing this, Defendants acted with deliberate indifference to Plaintiff's safety by placing him in a dangerous environment which posed a substantial risk of serious harm.

34. When the inmates in cell 135 began attacking Plaintiff, Defendants were deliberately indifferent to his need for protection and instead laughed about the incident thereby encouraging Plaintiff's attackers to continue hurting him.

35. As a direct and proximate result of Defendants' actions, Plaintiff suffered physical and emotional injuries.

## COUNT II
### FAILURE TO INTERVENE/BYSTANDER LIABILITY
### (42 U.S.C. § 1983 – Fourth Amendment)
### Mathew Gay

36. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

37. An officer who fails to intercede on behalf of a citizen to stop the violation of a citizen's constitutional rights by one of his fellow officers may be subjected to liability.

38. Defendant Gay knew that Defendant Butler was violating Plaintiff's rights when Defendant Butler failed to protect him from harm from other inmates.

39. Defendant Gay had a reasonable opportunity to prevent further harm to the Plaintiff.

40. Despite having a reasonable opportunity to act, Defendant Gay chose not to intervene and instead allowed the Plaintiff's rights to be violated.

41. Defendants Gay and Butler observed the assault on Plaintiff and failed to intervene to stop it, despite having a duty to do so.

42. Defendants' failure to intervene was a direct and proximate cause of Plaintiff's injuries.

## COUNT III
### FAILURE TO INTERVENE/BYSTANDER LIABILITY
### (42 U.S.C. § 1983 – Fourth Amendment)
### Danny Butler

43. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

44. An officer who fails to intercede on behalf of a citizen to stop the violation of a citizen's constitutional rights by one of his fellow officers may be subjected to liability.

45. Defendant Butler knew that Defendant Gay was violating Plaintiff's rights when Deputy Gay failed to protect him from harm from other inmates.

46. Defendant Butler had a reasonable opportunity to prevent further harm to the Plaintiff.

47. Despite having a reasonable opportunity to act, Defendant Butler chose not to intervene and instead allowed the Plaintiff's rights to be violated.

48. Defendants Gay and Butler observed the assault on Plaintiff and failed to intervene to stop it, despite having a duty to do so.

49. Defendants' failure to intervene was a direct and proximate cause of Plaintiff's injuries.

## COUNT IV
## DENIAL OF MEDICAL CARE
### (42 U.S.C. § 1983 – Fourteenth Amendment)
### Gay and Butler

50. The Due Process Clause required that Defendants Gay and/or Butler provide medical care to Plaintiff who was injured.

51. Despite knowing that Plaintiff was seriously injured and at a substantial risk of further harm if his medical needs were not met, Defendants left Plaintiff lying on the ground for five minutes moaning before removing him from cell 135.

52. Plaintiff asked to be taken to the hospital. However, instead of being taken to the hospital, Defendants were deliberately indifferent to Plaintiffs medical needs and instead took him to another cell.

53. During the course of his detention, Defendants failed to provide Plaintiff with medical treatment following the assault.

54. Whenever Plaintiff was seen by the nurse at the jail, Defendants further acted indifferently by telling the nurse that Plaintiff had fallen in the shower instead of informing the nurse of what had actually happened. Thereby denying him any medical treatment.

55. Instead, once the Plaintiff was released on bond, he took himself to the hospital where he was diagnosed with orbital floor fracture.

56. Defendants' deliberate indifference caused Plaintiff to suffer unnecessary pain and additional harm.

## COUNT V
## CONDITIONS OF CONFINEMENT
## (42 .S.C. § 1983 – Fourteenth Amendments)

57. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

58. Defendant JONES COUNTY and SHERIFF BERLIN, had an obligation to ensure that inmates are not subjected to conditions, such as overcrowding, that pose a substantial risk of serious harm or deprive them of basic human needs, such as safety, adequate space, sanitation, and made it more difficult for jailers to control inmate behavior effectively.

59. These conditions were objectively inhuman, creating a substantial risk of serious harm.

60. The overcrowding was the result of a systemic policy or lack of resources.

61. These Defendants knew, or should have known, that the overcrowding posed a substantial risk of harm to Plaintiff but failed to take reasonable steps to mitigate the risk of harm.

62. Under these circumstances, these Defendants were deliberately indifferent to Plaintiff's safety and well-being as an inmate.

63. These inhuman conditions of confinement were a direct and proximate cause of the physical injuries, emotional distress and other harms suffered by Plaintiff.

## COUNT VI
## MUNICIPAL LIABILITY (MONELL CLAIM)

64. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

65. Defendant JONES COUNTY and SHERIFF BERLIN, in his individual and official capacity, established, condoned, ratified, and encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation.

66. These Defendants are liable under Monell because the constitutional violations were caused by a policy, custom, or practice of overcrowding, tolerating inmate violence, failing to train, supervise jail staff, failing to adequately discipline employees when they violated the constitutional rights of others, and ignoring detainees' medical needs.

67. The policy or custom was the moving force behind the violations of Plaintiff's constitutional rights.

## DAMAGES

68. The Defendants are liable to the Plaintiff, jointly and severally, for all wrongful acts which harmed and caused damage to the Plaintiff.

69. Based on these facts and circumstances, and as a direct result of said acts and omissions, Plaintiff has suffered physical injuries, pain and suffering, past, present, and future emotional distress, and incurred medical bills.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendants;

2. Award Plaintiff compensatory damages in an amount to be determined at trial;

3. Award Plaintiff punitive damages against individual Defendants for their egregious misconduct;

4. Award Plaintiff reasonable attorney's fees and costs under 42 U.S.C. § 1988;

5. Award pre and post-judgment interest at the legal rate;

6. Grant such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 3rd day of December 2024.

**MICHAEL EARNEST PAGE, JR,**

Michael V. Cory, Jr. (MSB#9868)
**DANKS MILLER & CORY, PA**
mc@dmclaw.net
213 South Lamar Street (39201)
P.O. Box 1759
Jackson, MS 39215-1759
Telephone: (601) 957-3101
Facsimile: (601) 957-3160